IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

THE UNITED STATES OF AMERICA                                          PLAINTIFF

v.                       Case No. 6:21-cv-06050

JAMES F. DOWDEN, ESQ. in his capacity as
Special Administrator for THE ESTATE OF
S. GENE CAULEY; SCARLETT ROMINE,
in her capacity as the Trustee of THE S. GENE
CAULEY IRREVOCABLE TRUST; REBECCA
DODD-TABLERT in her capacity as GARLAND
COUNTY TAX COLLECTOR; FIRST HORIZON
BANK; ANNA GRACE ROMINE CAULEY;
BENNETT ROMINE CAULEY; GRAYSON
ROMINE CAULEY; and WINDY HOLDINGS LLC                                 DEFENDANTS

**FINAL *IN REM* JUDGMENT ON COUNT II OF UNITED STATES THIRD AMENDED COMPLAINT**

This matter comes before the Court upon the United States' Motion for Entry of Consent Judgment on Count II of the Third Amended Complaint (ECF No. 60). After due consideration of the motion and the record in this case, and because pursuant to Fed. R. Civ. P. 54(b) there is no just reason for delay, it is hereby **ORDERED** that the United States' motion is **GRANTED**; and

**IT IS ORDERED, ADJUDGED, AND DECREED** that *in rem* judgment is entered in favor of Plaintiff the United States on Count II of Third Amended Complaint (ECF No. 49) against Rebecca Dodd-Talbert in her capacity as Garland County Tax Collector ("Garland County") according to its stipulation and consent to judgment ( ECF Nos. 5, 52) as follows:

1.  The United States has valid and subsisting liens that attach to the real property subject of Count II located at 119 Windy Point in Hot Springs, Arkansas (the "Windy Point Property") with the legal description set forth in the Third Amended Complaint (ECF No. 49) at paragraph 43 as follows:

1

A part of Lot 1, Block "E" of Lakeview Subdivision, as recorded in Book 246 at Page 132 of the Deed and Mortgage Records of Garland County, Arkansas, and being more particularly described as follows: Commence at the Southwest corner of said Lot 1; thence along the West line of said Lot 1, North 45 degrees 15 minutes 27 seconds West, 208.89 feet to a ½" rebar w/cap for the Point of Beginning; thence continue along said West line of Lot 1, North 45 degrees 15 minutes 27 seconds West 123.00 feet to a drilled ½" hole in concrete walk at the 400 foot contour of Lake Hamilton; thence Northeasterly and Southeasterly along said 400 foot contour a distance of 316.91 feet to a drilled ½" hole in brick sea wall; thence leaving said 400 foot contour, South 66 degrees 47 minutes 27 seconds West, 134.56 feet to the Point of Beginning.

ALSO EASEMENT:

A 10 FOOT Non-Exclusive Driveway Easement over and across part of Lots 1, 2 and 3 of Block "E", Lakeview Subdivision, for purposes of ingress and egress to and from subject lands, the centerline of which is more particularly described as follows: Commence at the Southwest corner of said Lot 3; thence along the South line of said Lot 3, North 43 degrees 23 minutes 48 seconds East, 42.04 feet to the centerline of existing asphalt driveway for the Point of Beginning; thence along said centerline, North 21 degrees 46 minutes 49 seconds East 21.05 feet; thence North 50 degrees 36 minutes 07 seconds West, 41.93 feet; thence North 52 degrees 21 minutes 22 seconds West, 31.68 feet; thence North 44 degrees 48 minutes 44 seconds West, 16.10 feet; thence along a curve to the right, having a radius of 70.57 feet, with a chord bearing North 25 degrees 21 minutes 47 seconds West, 38.71 feet for a distance of 39.21 feet; thence North 3 degrees 42 minutes 41 seconds West, 43.95 feet; thence along a curve to the right, having a radius of 68.05 feet, with a chord bearing North 33 degrees 36 minutes 04 seconds East, 50.01 feet, for a distance of 51.21 feet; thence North 53 degrees 47 minutes 30 seconds East, 67.69 feet; thence North 39 degrees 26 minutes 35 seconds East, 3.05 feet terminating at a point on the South line 17.27 feet East of the Southwest corner of hereon described property.

2. The United States' liens may be enforced against the Windy Point Property and sold subject to a subsequent order of the Court.

3. The Windy Point Property may be sold free and clear of any right, title, lien, claim, or interest of Garland County.

4. After the Court confirms the sale of the Windy Point Property, the sale proceeds shall be distributed in the following order of priority:

   a. *First,* to the United States (or any duly appointed Receiver) for the reasonable costs of the sale of the Windy Point Property;

   b. *Second,* to Garland County for the outstanding balance of its Collector's liens equal to all unpaid real property *ad valorem* taxes, with any penalty which may accrue thereon, owed pursuant to Ark. Code Ann. § 26-34-101(b) and further described in the Stipulation (ECF No. 5, ¶¶ 4-5);

    c.    *Third,* to James F. Dowden, Esq. for payment of his Fees and Expenses as described in the Court's *Order Appointing James F. Dowden Esq. as Special Administrator of the Estate of S. Gene Cauley* (ECF No. 37, ¶ 3); and

    d.    *Fourth,* to the United States to pay, in part, the outstanding balance of the United States federal tax liens (for S. Gene Cauley's 2007 federal income tax liabilities) set forth in the Notices of Federal Tax Lien filed with Garland County at Book 20 Page 0877 and Book 20 Page 0876 and further described at ECF No. 49, ¶¶ 99-102.

**IT IS ORDERED, ADJUDGED, AND DECREED** that *in rem* judgment is entered in favor of the Plaintiff the United States on Count II of Third Amended Complaint (ECF No. 49) against the Windy Point Property according to applicable stipulations and consents to judgment (ECF Nos. 44, 52) as follows:

1. The United States has valid and subsisting liens against the Windy Point Property.

2. Scarlett Romine in her capacity as Trustee of the S. Gene Cauley Revocable Trust ("Trust"), Anna Grace Romine Cauley, Bennett Romine Cauley and Grayson Romine Cauley (*collectively* the "Cauley Children") have waived their interest in the Windy Point Property.

3. S. Gene Cauley (also known as Steven Cauley) fraudulently conveyed the Windy Point Property to the Trust within the meaning of Arkansas Code § 4-59-204(a) and the fraudulent transfer is set aside.

4. The Trust holds bare legal title to the Windy Point Property solely as Cauley's nominee and, during his lifetime, Cauley was the true equitable owner of the Windy Point Property.

5. The United States' liens may be enforced against the Windy Point Property and said property sold subject to a subsequent order of the Court.

6. The Windy Point Property may be sold free and clear of any right, title, lien, claim, or interest of the Trust and the Cauley Children.

7. The Trust and the Cauley Children are entitled to no proceeds from the sale of the Windy

Point Property.

**IT IS SO ORDERED** this 27th day of January 2022.

/s/*Robert T. Dawson*
**ROBERT T. DAWSON**
**SENIOR U.S. DISTRICT JUDGE**